## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARIA SUYAPA OBISPO,<br>as personal representative of<br>ADELFINO ALANIZ, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. CIV-24-889-D |
| v. | ) ) | |
| ISHKIRET'S GROUP, LLC; and<br>GURMEET SINGH, | ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Before the Court are two motions: (1)  Motion to Stay of Defendants Ishkirets[1] Group, LLC and Gurmeet Singh ("Motion to Stay") [Doc. No. 10]; and (2) Plaintiff's Opposed Motion for Leave to Amend Pleadings and Add Additional Party, Allen Lund Company, LLC ("Motion to Amend") [Doc. No. 13]. Plaintiff filed a Response to the Motion to Stay [Doc. No. 12], and Defendants filed a Reply [Doc. No. 14]. Similarly, Defendants filed a Response to the Motion to Amend [Doc. No. 15], and Plaintiff filed a Reply [Doc. No. 16]. The motions are fully briefed and at issue.

---

[1] Although the case caption includes an apostrophe—*i.e.*, "Ishkiret's"—Defendants do not use an apostrophe in their briefing. Therefore, the Court will use Defendants' spelling.

## BACKGROUND

This case stems from a tragic motor-vehicle accident on the Turner Turnpike.[2] On December 22, 2022 during icy conditions, Adelfino Alaniz lost control of his vehicle and collided with a vehicle driven by a non-party, Jeremy Bushey. After the initial collision with Mr. Bushey, Mr. Alaniz stood next to his disabled vehicle in the outside lane of the Turnpike. A short time later, a vehicle driven by another non-party, Charles Kerley, approached the spot on the Turnpike where Mr. Alaniz was standing by his disabled vehicle. Defendant Gurmeet Singh, who was driving a semi-trailer, was following Mr. Kerley's vehicle. Mr. Singh then collided with Mr. Kerley's vehicle, and Mr. Kerley collided with Mr. Alaniz's vehicle while Mr. Alaniz was still standing next to it. Mr. Alaniz died as a result of the final collision.

Plaintiff Maria Suyapa Obispo, as the personal representative of Mr. Alaniz, filed this lawsuit on behalf of Mr. Alaniz and her minor children. Plaintiff contends that, at the time of the accident, Mr. Singh was driving distracted or fatigued. Plaintiff asserts state-law negligence and wrongful death claims, as well as a request for punitive damages.

## DISCUSSION

In the Motion to Amend, Plaintiff seeks leave to add Allen Lund Company, LLC ("Allen Lund") as a defendant in this case. Plaintiff claims that, at the time of the subject accident, Defendants were hauling a load for Allen Lund, which makes Allen Lund potentially liable to Plaintiff under an agency theory. Defendants oppose the Motion,

---

[2] The following recitation of facts is taken primarily from the accident report, attached to the Motion to Stay as Exhibit 1.

arguing that Plaintiff's proposed allegations as to Allen Lund are mere conclusory statements and, thus, subject to dismissal.

In the Motion to Stay, Defendants contend that they are entitled to a stay of this case because Mr. Singh has been charged with one count of misdemeanor negligent homicide in Lincoln County, Oklahoma District Court.[3] Because the subject accident giving rise to this case likewise forms the basis of the criminal charge against Mr. Singh, Defendants argue that a stay is appropriate, as Mr. Singh's Fifth Amendment rights and the integrity of both proceedings could be compromised if he is required to engage in civil discovery.

Plaintiff opposes the Motion to Stay, arguing, as a general matter, that neither Defendant is entitled to a stay and, more specifically, that Defendant Ishkirets Group, LLC ("Ishkirets") is not entitled to a stay since there are no criminal charges filed against it. Also underlying Plaintiff's opposition is her contention that the applicable statute of limitations runs on December 22, 2024, which necessitates deposing Defendants to discover whether the parties are properly named and/or whether additional parties should be added.

## I.    The Motion to Amend should be granted.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Under Rule 15(a)(2), "[t]he Court should freely give leave when justice so requires." The purpose of

---

[3] Although the Motion to Stay focuses specifically on Mr. Singh and why the criminal charge against him warrants a stay, the Motion to Stay was filed on behalf of both Defendants. Therefore, the Court will reference "Defendants."

Rule 15(a)(2) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Invoking the purported futility of Plaintiff's proposed amendment, Defendants argue that Plaintiff's proposed amended complaint—as it relates to Allen Lund—"provides only [conclusory] statements regarding the existence of an agency relationship between Allen Lund and the current Defendants." Defs.' Resp. to Mot. to Amend at 2. Therefore, Defendants continue, because the proposed amended complaint could not survive a motion to dismiss, "leave to amend should be denied." *Id.*

As Defendants note in their Response, the futility question is "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Upon review of Plaintiff's proposed amended complaint [Doc. No. 13-1], as well as the parties' respective briefs, the Court cannot definitively conclude that Plaintiff's proposed amendment adding Allen Lund is futile. Accordingly, the amendment will be allowed.

## II.    The Motion to Stay should be granted.

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative*

4

*Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Indeed, a "defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* (internal quotation and citation omitted). But the Court may exercise its discretion to "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

"When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080. Civil proceedings may also be stayed "for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.*

In determining whether a stay is appropriate, courts often balance the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *Graham for Est. of Huff v. Garfield Cty. Det. Ctr.*, No. CIV-17-634-M, 2018 WL 4035971, at *3 (W.D. Okla. Aug. 23, 2018); *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1237 (N.D. Okla. 2003). The Court addresses the factors in turn.

The **first factor**—the extent to which issues in the criminal case overlap with those presented in the civil case—is the most important to consider. *Berreth v. Frazee*, No. 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019); *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010). Generally, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). This is so because "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination." *Id.* at 1376; *see also Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("[S]elf-incrimination is more likely if there is a significant overlap.").

Here, "the issues raised in the civil case substantially overlap with the issues raised in the criminal case." *Chapman v. Hedderman*, No. CIV-20-825-D, 2021 WL 3686687, at *2 (W.D. Okla. July 30, 2021). Indeed, the criminal charge against Mr. Singh arises from precisely the same event at issue in this case—the December 22, 2022 motor-vehicle accident involving, among others, Mr. Singh and Mr. Alaniz. *Compare* Compl. [Doc. No. 1], *with* Defs.' Mot. to Stay, Ex. 4 [Doc. No. 10-4] (criminal information filed against Mr. Singh in Lincoln County). Plaintiff does not contest the overlap between the two cases, and there are "legitimate concerns that [Mr. Singh's] Fifth Amendment rights will be

implicated." *Chapman*, 2021 WL 3686687, at *2 (citing *Creative Consumer Concepts, Inc.*, 563 F.3d at 1081). The first factor weighs heavily in favor of a stay.[4]

The **<u>second factor</u>**—the status of the criminal case—also weighs in favor of a stay. A stay is most appropriate after charges have been filed because "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued," and "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved . . . ." *Transworld Mech., Inc.*, 886 F. Supp. at 1139; *see also Berreth*, 2019 WL 10250759, at *2 ("[T]he fact that an indictment has been returned against Defendant is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case."). There has already been a criminal information filed against Mr. Singh in Lincoln County, "which increases the risk of self-incrimination and potentially reduces the need for a long delay in the civil case." *Chapman*, 2021 WL 3686687, at *2; *see also* Defs.' Mot. to Stay, Ex. 4. The second factor weighs in favor of a stay.

---

[4] Plaintiff contends that, because there is no criminal proceeding against Ishkirets, any stay as to it would be inappropriate. Pl.'s Resp. to Mot. to Stay at 3. However, as Defendants argue in response, any fact-based discovery aimed at Ishkirets would likely require defense counsel, at minimum, to interview those persons involved in the underlying accident. As a result, participation of Ishkirets in discovery would almost certainly implicate Mr. Singh's Fifth Amendment privilege. *See Hilda M.*, 2010 WL 5313755, at *5 ("Therefore, as Defendant Brown has been 'implicated in the alleged wrongdoing' in this matter as the principal of Roaring Fork, compelling Roaring Fork to file a responsive pleading and to undergo discovery would contravene the purposes of the Fifth Amendment, as Roaring Fork's knowledge as a corporate entity flows through its principal, Defendant Brown, which would again subject him to a 'real and appreciable risk of self-incrimination.'" (quoting *Kordel*, 397 U.S. at 8-9)).

The **third and fourth factors**—the private interests of the parties, along with any potential prejudice or burden—are a closer call. Plaintiff argues a stay is unwarranted because she "needs to explore whether other potential defendants need to be added to the lawsuit and to ensure she has properly named the named-Defendants." Pl.'s Resp. to Mot. to Stay at 2. To accomplish this, Plaintiff contends she must depose one of the Defendants "before the two-year statute of limitations for negligence elapses on December 22, 2024." *Id.* Defendants, on the other hand, argue that there "is no question of any other individual related to [Defendants] who could have been involved in the accident." Defs.' Reply at 5. Further, Defendants continue, "in the highly unlikely event that an additional defendant is uncovered after the statute of limitations expires, Plaintiff would have a strong argument for relation back." *Id.* at 5-6.

"Of course, Plaintiff also has a strong interest in the prompt resolution of her claims." *Chapman*, 2021 WL 3686687, at *2. Plaintiff's argument regarding adding, or confirming the identity of, defendants before the applicable statute of limitations runs is well taken. But Plaintiff had significant time before filing this case to investigate the facts underlying her claims—an investigation that would have necessarily included the identification of potential defendants. When measured against Mr. Singh's interests, and considering that Plaintiff has already identified one additional defendant in Allen Lund, Plaintiff's statute-of-limitations argument is "outweighed by the prejudice Mr. [Singh] would face if he were forced to choose between making incriminating statements during the civil proceedings or having an adverse inference drawn from the invocation of his Fifth Amendment rights." *Id.*; *see also Berreth*, 2019 WL 10250759, at *2 ("As to the third and

fourth factors, any prejudice to Plaintiffs is outweighed by the potential prejudice Defendant would suffer if this action were to proceed, notwithstanding the pending criminal case.").

Further, the Court has yet to enter a scheduling order, and, based on their representations, the parties have conducted minimal discovery. In other words, this is not a situation where the parties have already depleted significant time and resources. The infancy of this case weighs in favor of a stay. *See Urrutia v. Montoya*, No. 16-00025 MCA/SCY, 2016 WL 9777168, at *2 (D.N.M. June 29, 2016) ("[G]iven the relative infancy of the civil case, a brief and limited stay of discovery will not result in a protracted adjudication of Plaintiff's case."). The third and fourth factors weigh narrowly in favor of a stay.

The **fifth and sixth factors**—the Court's and the public's respective interests—do not weigh strongly for or against a stay. "The Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1241. On the other hand, "resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) 'may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action.'" *Hilda M.*, 2010 WL 5313755, at *6 (quoting *Transworld Mech., Inc.*, 886 F. Supp. at 1140). As for the public's interest, "the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution." *Auto-Owners Ins. Co. v. Next Generation Energy, LLC*, No. 14–cv–01580–REB–KLM,

2014 WL 7251678, at *4 (D. Colo. Dec. 19, 2014). The fifth and sixth factors are relatively neutral.

Balancing the relevant factors, and mindful of the Tenth Circuit's instruction to consider the extent to which a party's Fifth Amendment rights are implicated by parallel civil and criminal cases, the Court finds that a stay of this case is warranted. "Further, in the interest of judicial economy and avoiding duplication of effort, the Court finds that the stay" should apply to all Defendants. *Chapman*, 2021 WL 3686687, at *3.

## CONCLUSION

For these reasons, the Motion to Stay [Doc. No. 10] and Motion to Amend [Doc. No. 13] are **GRANTED**, and the Court orders as follows:

- Plaintiff shall file her First Amended Complaint [Doc. No. 13-1] within seven (7) days of the issuance of this Order.

- Aside from Plaintiff filing her First Amended Complaint as set forth above, this case is **STAYED** until June 30, 2025, unless Mr. Singh's criminal case is resolved before that date. Further, Defendants Ishkirets and Mr. Singh are directed to file, on or before June 30, 2025, a status report regarding Mr. Singh's criminal case. If the criminal case is finally resolved before that date, Defendants Ishkirets and Mr. Singh are directed to advise the Court within ten (10) days of the resolution.

- Upon filing the First Amended Complaint, Plaintiff may proceed with effecting service of process on Allen Lund in accordance with applicable rules and procedures. However, due to the Court's staying this case, Defendants—including Allen Lund—shall not answer or otherwise respond to the First Amended Complaint at this time. Upon resolution of Mr. Singh's criminal case, the Court anticipates setting a deadline for Defendants to answer or otherwise respond.

**IT IS SO ORDERED** this 10th day of December, 2024.

 

 

 

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge