**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SAN JUANA ALANIZ, as Personal Representative of the Estate of Adelfino Alaniz,<br><br>Plaintiff,<br><br>v.<br><br>ISHKIRET'S GROUP, LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-24-889-D |

**ORDER**

Before the Court is Defendant Allen Lund Company, LLC's ("Allen Lund") Motion to Dismiss [Doc. No. 38]. Plaintiff filed a Response [Doc. No. 39], to which Allen Lund filed a Reply [Doc. No. 40]. Plaintiff also filed a Notice of Supplemental Authority [Doc. No. 46]. The matter is fully briefed and at issue.

**BACKGROUND**

This case arises from a motor vehicle accident involving decedent Adelfino Alaniz and Defendant Gurmeet Singh. [Doc. No. 18]. Plaintiff, as Personal Representative of the Estate of Adelfino Alaniz, brought this action asserting, in relevant part, claims of negligence and recklessness against Defendants Ishkiret's Group, LLC ("Ishkiret") and Singh, and a claim of vicarious liability against Allen Lund. *Id.*

To support the vicarious liability claim, Plaintiff alleges that Allen Lund is a freight broker and contracted with Defendants Ishkiret and/or Singh to drive and deliver loads on its behalf. *Id.*, at p. 2, 11, ¶¶ 4, 45. Plaintiff alleges that a principal-agent relationship existed between Allen Lund and Defendants Ishkiret and/or Singh, and Allen Lund had the right to

control the hiring and training of Singh, his routes and timing of the delivery, and "other aspects of the business relationship." *Id.*, at p. 11, ¶¶ 41, 44. Plaintiff also asserts that Singh was an "authorized driver" of Allen Lund who was "acting in the course and scope of his agency" when the accident occurred. *Id.*, at p. 12, ¶ 46. Plaintiff further alleges that Ishkiret was an "authorized agent" of Allen Lund and, thus, Allen Lund is liable under the doctrine of respondeat superior. *Id.*, at p. 12, ¶ 47.

Allen Lund filed a motion to dismiss arguing that Plaintiff's vicarious liability claim against it, arising from Singh's purported negligence, warrants dismissal because it is preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). [Doc. No. 38]. Additionally, Allen Lund argues that Plaintiff's claim against it should be dismissed because it is not sufficiently pled. *Id.*

In response, Plaintiff argues that the FAAAA does not preempt the vicarious liability claim because it falls within the safety exception provided in the statute. [Doc. Nos. 39, 46]. Plaintiff also submitted supplemental authority, arguing that a recent United States Supreme Court decision is directly applicable to the claim. [Doc. No. 46]. Additionally, Plaintiff argues that the vicarious liability claim against Allen Lund is adequately pled. [Doc. No. 39].

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds of a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." (quotation and citation omitted)). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The legal sufficiency of a complaint is properly decided under Rule 12(b)(6), and federal preemption is a legal issue. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo."); *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1096 (10th Cir. 2017) ("Thus, we ordinarily consider preemption as a legal issue subject to de novo review."). "The party claiming preemption bears the burden of showing with

specificity that Congress intended to preempt state law." *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 489 n.4 (10th Cir. 1998) (citing *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984)); *see also Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1143 (10th Cir. 2010).

## DISCUSSION

### I. FAAAA Preemption

Allen Lund argues that the FAAAA preempts Plaintiff's vicarious liability claim against it. The FAAAA provides, in relevant part:

> . . . a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). However, the FAAAA provides exceptions to the provision, including that "Paragraph (1) . . . shall not restrict the safety regulatory authority of a State with respect to motor vehicles." *Id.* § 14501(c)(2)(A). Negligent-hiring claims against brokers arising out of motor vehicle accidents fall within the FAAAA's safety exception. *Montgomery v. Caribe Transp. II, LLC*, 608 U.S. 219, 226-27 (2026).

In *Montgomery*, the plaintiff brought a negligent-hiring claim against a transportation broker after the plaintiff's tractor trailer was struck by another driver. *Id.* at 224-25. At issue in *Montgomery* was whether a claim that a company negligently hired another to transport goods fell within the safety exception to the preemption provision of the FAAAA. *Id.* at 222. The United States Supreme Court found that the plaintiff's claim

was not preempted and fell within the safety exception. The Court explained that the portion of the safety exception's provision that states "with respect to motor vehicles" encompasses claims that concern vehicles "used on a highway in transportation." *Id.* at 226-27; 49 U.S.C. § 14501(c)(2)(A). Specifically, the Court reasoned that requiring a broker to "exercise ordinary care in selecting a carrier therefore 'concerns' motor vehicles," such that the plaintiff's claim fell within the exception. *Montgomery*, 608 U.S. at 227.

Although *Montgomery* addressed negligent hiring, it is instructive here as other courts have broadly applied *Montgomery* to vicarious liability claims arising from an agent/employee's negligence. *See Rekshynskyj v. J.B. Hunt Transp. Inc.*, No. CV-23-08535-PCT-DJH, 2026 WL 2546092, at *7-8 (D. Ariz. Aug. 28, 2026) (finding *Montgomery* instructive in concluding that the plaintiff's state vicarious liability claim was not preempted under the FAAAA); *Haney v. Ismatov*, No. 1:25-CV-00503, 2026 WL 2983707, at *5 (E.D. Tex. Oct. 2, 2026) (applying *Montgomery* to a vicarious liability claim arising out of a motor vehicle accident and finding that it is not preempted by the FAAAA because of the safety exception provision); *but see Glencore Ltd. v. Schneider Nat'l Carriers, Inc.*, No. CV 25-1627, 2026 WL 2883265, at *6 (E.D. La. Sept. 25, 2026) (declining to extend the reasoning and findings in *Montgomery* to a stolen cargo claim).

In the First Amended Complaint, Plaintiff alleges that Allen Lund is a transportation broker that contracted with Defendants Ishkiret and/or Singh to drive a motor vehicle and deliver loads on its behalf. Plaintiff further alleges that Allen Lund is vicariously liable for the negligent acts or omissions that led to the motor vehicle accident. Like in *Montgomery*, Plaintiff's vicarious liability claim directly pertains to the "exercise [of] ordinary care in

selecting a carrier [and] therefore 'concerns' motor vehicles." *Montgomery*, 608 U.S. at 227. Thus, Plaintiff's vicarious liability claim involves the "safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). Accordingly, Plaintiff's vicarious liability claim falls within the safety exception of 49 U.S.C. § 14501(c)(2)(A) and is not preempted by the FAAAA.

## II. Failure to State a Claim

Additionally, Allen Lund argues that Plaintiff's claims "amount to mere conclusions of law and lack the factual support necessary to survive a motion to dismiss." [Doc. No. 38, at p. 12]. Specifically, Allen Lund argues that dismissal is warranted because "the Complaint is devoid of alleged facts detailing the nature and extent of either Allen Lund's relationship to Ishkiret or its relationship to Singh." *Id.* at 13-14. In response, Plaintiff argues that sufficient facts have been alleged to support the vicarious liability claim. [Doc. No. 39].

"Agency relationships can be formed either expressly through contract or they can be implied from the actions of the parties." *Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.*, No. CIV-05-445-C, 2008 WL 5205679, at *3 (W.D. Okla. Dec. 11, 2008); *see also Farmers Nat. Grain Corp. v. Young*, 1940 OK 149, 102 P.2d 180, 185 ("Whether an agency has in fact been created is to be determined by the relations of the parties as they exist under their agreements or acts."). When a complaint plausibly alleges legally significant details about an agency relationship, the plaintiff is not required to allege additional details to permit a vicarious liability claim to move forward. *Braver v. Northstar Alarm Servs., LLC*, No. CIV-17-0383-F, 2017 WL 11139779, at *4 (W.D. Okla. Aug. 25, 2017).

The Amended Complaint contains minimally sufficient factual allegations to state a vicarious liability claim based on a principal-agent theory. Indeed, Plaintiff alleges that "[o]n . . . December 22, 2022, Defendant Ishkiret and Defendant Singh were hauling a load on behalf of Allen Lund," and that Allen Lund "contracted with Defendants Ishkiret and/or Singh to deliver loads." [Doc. No. 18, at p. 6, 11, ¶¶ 18, 45]. Plaintiff further alleges that Allen Lund had the right to control: (1) "the qualifying, hiring, training, supervision and retention of Defendant Singh," (2) "the routes and timing of delivery," (3) "the evaluation of Defendant Singh's performance as a driver," and (4) "other aspects of the business relationship." *Id.*, at p. 11, ¶ 44. Accordingly, Plaintiff's allegations of an agency relationship between and the defendants are "more than mere recitals or legal conclusions." *Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1265 (W.D. Okla. 2012). Therefore, Plaintiff has sufficiently alleged a vicarious liability claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Allen Lund Company, LLC's Motion to Dismiss [Doc. No. 38] is **DENIED**.

**IT IS SO ORDERED** this 9th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE